IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICKEY LYNN DUCK III,** : | CIVIL ACTION NO. 1:21-CV-2112 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **BETH HERB and** : | |
| **CECELIA MADUKA,** : | |
| : | |
| **Defendants** : | |

### MEMORANDUM

This is a civil rights case in which plaintiff Rickey Lynn Duck III alleges that his civil rights were violated when defendant Cecelia Maduka erroneously administered the wrong intravenous medication to him. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The complaint will be dismissed without prejudice and Duck will be granted leave to file an amended complaint.

**I.      Factual Background & Procedural History**

According to the allegations in Duck's complaint, Duck was confined in the State Correctional Institution-Camp Hill ("SCI-Camp Hill") on November 25, 2021. (Doc. 1 at 4). On that date, he was hooked up to a peripherally inserted central catheter ("PICC") line so that he could be given antibiotics to treat an unspecified infection. (Id.) Defendant Maduka, a nurse in the prison, came into Duck's ward around 3:00 p.m. and allegedly hooked the wrong IV bag up to Duck's PICC line.

(Id.)  The bag that Maduka hooked to Duck's PICC line actually contained medication intended for a different inmate in the same ward.  (Id.)

After hooking the bag up to Duck's PICC line, Defendant Maduka left the room.  (Id.)  Approximately ten minutes later, Duck looked at the IV bag to see how much medication was left.  (Id.)  At that point, Duck noticed that the wrong medication was being administered.  (Id.)  He immediately pushed the stop button and yelled for the correctional officer on duty to get the nurse.  (Id.)  Maduka allegedly came back, confirmed that the wrong medication was being administered, and apologized for the error.  (Id.)  Maduka allegedly explained to Duck that she did not know more than one inmate in the ward was being administered intravenous medication and that she grabbed a bag without taking notice of what medication was in it.  (Id.)

Duck alleges that Maduka's error could have caused him "serious life threat[en]ing issues or death."  (Id. at 5).  He alleges that this error constituted medical malpractice.  (Id.)  He seeks compensatory and punitive damages from Maduka and the prison's medical department director, Beth Herb.  (Id.)  The complaint does not contain any allegations as to how Herb was personally involved in administering Duck's medication.

## II.  **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. §

1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

Duck brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Duck's § 1983 claim alleges deliberate indifference to a serious medical need.  To state a deliberate indifference claim upon which relief may be granted, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention."  Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment."  Id. (citation omitted).  A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence by defendants is not sufficient to establish deliberate indifference to a serious medical need. Id. at 835. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Palakovic v. Wetzel, 854 F.3d 209, 228 (3d Cir. 2017) (quoting United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

Having reviewed Duck's complaint, we find that it fails to state a deliberate indifference claim upon which relief may be granted. Assuming, *arguendo*, that the complaint alleges a serious medical need, there is still no allegation that defendants were deliberately indifferent to that need. Based on the allegations in the complaint, it appears that Defendant Maduka mistakenly connected the wrong bag to Duck's PICC line and that she corrected that mistake as soon as Duck pointed it out to her. At best, these allegations would amount to malpractice or negligence, which is insufficient to support a deliberate indifference claim. See Farmer, 511 U.S. at 835.

The complaint also fails to allege that defendant Herb was personally involved in the alleged violation of Duck's civil rights. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be

evidence of personal direction or actual knowledge and acquiescence. Id. Duck's complaint names Herb as a defendant, but it does not make any factual allegations against her. (See Doc. 1). Thus, it appears that the claims against Herb are based on a theory of *respondeat superior* arising from her supervisory role as medical department director, which is insufficient to allege personal involvement. See Rode, 845 F.2d at 1207.

We will, however, grant Duck leave to amend. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). Leave to amend is appropriate here because Duck's claims are factually, rather than legally, deficient.

**IV.** **Conclusion**

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. We will grant Duck leave to file an amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: December 29, 2021